MICHAEL F. WOOD (DCBN 376312)
RICHARD B. COHEN (CSBN 79601)
BRIAN J. STACK (OSBN 0069796)
JASON M. KATZ (OSBN 0076104)
ALBERT SAMBAT (CSBN 236472)
ANNA TRYON PLETCHER (CSBN 239730)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone (415) 436-6660
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALLAN GREEN,<br>Defendant. | No. CR-05-00208-08 CRB<br><br>UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT ALLAN GREEN<br><br>Hearing Date: April 9, 2008<br>Time: 2:15 p.m.<br>Court: Hon. Charles R. Breyer |

Defendant Allan Green is scheduled to be sentenced before this Court on April 9, 2008, after having entered a guilty plea on April 10, 2007. Mr. Green pled guilty pursuant to a Rule 11(c)(1)(B) plea agreement to a charge that he conspired to defraud the Federal Communications Commission ("FCC") and the Universal Services Administrative Company ("USAC"), in violation of the Conspiracy Statute, 18 U.S.C. § 371. Mr. Green's co-defendants, with the exception of his wife, co-defendant Judy Green, have also pled guilty. On September 14, 2007, a jury found Ms. Green guilty of the twenty-two counts with which she was charged. She was sentenced by Judge William Alsup on March 19, 2008. Co-defendant Earl Nelson was sentenced by this Court on March 19, 2008. The remaining co-defendants are scheduled to be sentenced before this Court on the same day as Mr. Green.

The United States now files this pleading to address the offense conduct and the calculation of the Guidelines, as well as to advise the Court of its sentencing recommendation. Based on the Mr. Green's substantial assistance to the government and based on his history and characteristics, the United States moves for a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), to offense level 13.

## DISCUSSION

### I. The Offense Conduct

The Probation Officer's Report sets out an accurate summary of the facts of this case. *See* Presentence Investigation Report, ¶¶ 7–21. In a nutshell, this case relates to conspiracies and schemes to defraud the E-Rate program, which was created by Congress to provide funding to connect schools and libraries to the Internet. In one of those conspiracies, which was charged in the Substitute Information and to which Mr. Green has since pled guilty, the conspirators reached an agreement to commit mail fraud related to the 2003–2004 proposed E-Rate project at the Philadelphia Academy Charter School ("the Philadelphia Academy"), located in Philadelphia, Pennsylvania. In December 2002 and January 2003, Mr. Green and his wife, co-defendant Judy Green, as representatives of ADJ Consultants, Inc., a company that they owned, had a series of meetings with Philadelphia Academy employees. At these meetings, the Greens convinced the Philadelphia Academy to use ADJ's services in applying for E-Rate funding. As part of their presentation during these meetings, Mr. Green represented that ADJ would be able to obtain a grant from a non-profit foundation to pay for the school's co-pay share, effectively allowing the Philadelphia Academy to receive its E-Rate project at no cost to the school. At the time Mr. Green made this representation, he knew that the "foundation" had no assets and was really a sham designed to deceive the E-Rate program administrator, the FCC, its agent, USAC, and the school officials into believing that the funds for the Philadelphia Academy's co-pay were coming from an independent source. To give the appearance that the co-pay money was coming from an independent source—the sham foundation—the co-conspirators reached an agreement where co-conspirator vendors would transfer to the sham foundation a portion of any E-Rate funds that they received from USAC for the project. The foundation, in turn, would then "donate" the

transferred funds to the Philadelphia Academy. The Philadelphia Academy would then use this money to pay the co-conspirator vendors its co-pay share. In this manner, E-Rate funding would be used to pay for 100% of the project's costs, while USAC and the FCC would be deceived into believing that E-Rate funds were only paying for 80% of the project's costs. The Philadelphia Academy employees with whom Mr. Green met later agreed to utilize ADJ's services in applying for E-Rate funds, and at that point co-defendant Judy Green played a more active role in the project. False and misleading documents related to the foundation were submitted to USAC on behalf of Philadelphia Academy through the mails in an attempt to hide this conspiracy and to deceive USAC and the FCC into believing that the foundation was legitimate, independent, and sufficiently funded. The conspiracy ended in 2004 when USAC denied the Philadelphia Academy's funding application due to concerns about illegal activities by vendors associated with co-defendant Judy Green.

## II. The Guidelines Calculations

The Probation Office has concluded that the defendant Mr. Green's final offense level is 15 and that his criminal history category is I, which results in a Guidelines range of 18 to 24 months. The United States agrees with these calculations.

Based on Mr. Green's substantial cooperation in the United States' investigation, as well as his history and characteristics, the United States respectfully requests that this Court depart below the applicable Guidelines range to offense level 13. The basis of the United States' motion is set out in more detail in Section III, *infra*.

## III. Sentencing Recommendation and Motion for Downward Departure

Under U.S.S.G. § 5K1.1, the Court may depart from the Guidelines based on a defendant's substantial assistance, and may consider the following reasons when determining the appropriate amount of the reduction:

A. the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

B. the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

C. the nature and extent of the defendant's assistance;

D. any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and

E. the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1. Further, this Court should consider the factors set out in 18 U.S.C. § 3553(a) in determining an appropriate sentence, including the nature and characteristics of the defendant.

Here, Mr. Green was interviewed after the filing of his Plea Agreement. He provided the government with significant information and assistance regarding this investigation. Mr. Green provided details about the conspiratorial events, gave context and foundation for relevant documents, and described his own conduct, intent, and motive. Throughout his cooperation, he provided truthful, candid, and complete information regarding his role in the conspiracy. Moreover, when considered with other information the government possessed, Mr. Green's information proved to be reliable. Mr. Green's cooperation, in addition to being entirely truthful and reliable, was timely. The parties agreed in principle to the terms of a plea agreement long before the eve of trial.

With respect to the history and characteristics of the defendant, the United States notes that Mr. Green had worked in the education field for years with no prior history of questionable conduct. The United States believes that these circumstances also militate for a sentence below the applicable Guidelines range.

For all of these reasons, although Mr. Green's actions were serious, the United States believes that, taking into account the factors set out in U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), Green's assistance has been substantial and supports a sentence below the applicable Guidelines range. The United States, accordingly, asks the Court to depart downward to offense level 13. This sentence level appropriately punishes Mr. Green for his crime and rewards him for his cooperation. The United States also requests that the Court also impose a $100 special assessment.

## IV. Restitution and Forfeiture

The victims are the entities that controlled the E-Rate funds: the FCC and USAC. A civil

*qui tam* action produced settlements with various involved companies, which resulted in substantial civil penalties. Because that action provided for a recovery more than actual civil damages, the victims' rights have been addressed.

With respect to the issue of forfeiture, no action is necessary.

**CONCLUSION**

Based on the defendant Allan Green's cooperation with and substantial assistance to the government, his history and characteristics, and based on all of the facts of this case, the United States moves for a downward departure to level 13. The Court should also impose a special assessment of $100.

DATED: March 27, 2008

/s/Richard B. Cohen
MICHAEL F. WOOD
RICHARD B. COHEN
BRIAN J. STACK
JASON M. KATZ
ALBERT B. SAMBAT
ANNA TRYON PLETCHER
Trial Attorneys
Antitrust Division
United States Department of Justice